*46 ORDER (Granting Motion to Dismiss)
AMANDA L. ROCKMÁN, Associate Judge.
INTRODUCTION
The Court must determine whether to grant the defendants’ Motion to Dismiss. The Court examined the legal arguments proffered by the parties, and rules in favor of the defendants due to the absence of subject matter jurisdiction. The Election Board bylaws at issue in the present case do not represent a source of law upon which a plaintiff may base a case or controversy.
PROCEDURAL HISTORY
The plaintiff, Muriel Whiteagle-Lee, initiated the current action by filing the February 10, 2009 Complaint. Consequently, the Court issued a Summons accompanied by the above-mentioned Complaint on February 10, 2009, and served the documents upon the defendant’s representative, Ho-Chunk Nation Department of Justice (hereinafter DOJ) [1], by personal service as permitted by HCN R. Civ. P. 5(C)(1). The Summons informed the respondent of the right to file an Answer within twenty (20) days of the issuance of the Summons pursuant to HCN R. Civ. P. 5(A)(2). The defendant, by and through DOJ Attorney Michelle M. Greendeer, filed a timely Answer and Notice and Motion to Dismiss on February 20, 2009, asking the Court to deny the Complaint based on the facts presented. See Defendant’s Answer at 6.1
In response, the Court mailed Notice(s) of Healing to the identified parties on March 2, 2009, informing them of the date, time and location of the Hearing. The Court convened the Hearing on March 10, 2009 at 10:00 a.m. CDT. The following-parties appeared at the Hearing: Muriel Whiteagle-Lee, plaintiff, Judith A. Whitehorse, defendant’s designated representative (by telephone); and DOJ Attorney Michelle M. Greendeer, defendant’s counsel.
*47 APPLICABLE LAW
CONSTITUTION OF THE HO-CHUNK NATION (Reprinted Jan. 25, 2008)
Article VII—Judiciary
Sec. 4. Powers of the Judiciary. The judicial power of the Ho-Chunk Nation shall be vested in the Judiciary. The Judiciary shall have the power to interpret and apply the Constitution and laws of the Ho-Chunk Nation.
Sec. 5. Jurisdiction of the Judiciary.
(a) The Trial Court shall have original jurisdiction over all cases and controversies, both criminal and civil, in law or in equity, arising under the Constitution, laws, customs and traditions of the Ho-Chunk Nation, including cases in which the Ho-Chunk Nation, or its officials and employees, shall be a party. Any such case or controversy arising within the jurisdiction of the Ho-Chunk Nation shall be filed in the Trial Court before it is filed in any other court. This grant of jurisdiction by the General Council shall not be construed to be a waiver of the Nation’s sovereign immunity.
HO-CHUNK NATION JUDICIARY ESTABLISHMENT AND ORGANIZATION ACT, 1 HCC § 1
Subsec. 5. Rules and Procedures.
c. The Judiciary shall have exclusive authority and responsibility to employ personnel and to establish written rules and procedures governing the use and operation of the Courts.
d. All matters shall be tried in accordance with the Ho-Chunk Rules of Procedures and the Ho-Chunk Rules of Evidence which shall be written and published by the Supreme Court and made available to the public.
HO-CHUNK NATION RULES OF CIVIL PROCEDURE
Rule 1. Scope of Rules.
Constitution of the Ho-Chunk Nation, Art. V II, sec. 7(B) requires that the Supreme Court establish written rules for the Judiciary. These rules, adopted by the Supreme Court, shall govern the procedure of the Trial Court in all actions and proceedings. The judges of the Trial Court may look to Ho-Chunk customs and traditions for guidance in applying justice and promoting fairness to parties and witnesses.
Rule 3. Complaints.
General. A civil action begins by one of the following procedures:
(A) filing a written Complaint with the Clerk of Court and paying the appropriate fees. The Complaint shall contain short, plain statements of the grounds upon which the CourtTs jurisdiction depends, the facts and circumstances giving rise to the action, and a demand for any and all relief that the party is seeking. Relief should include, but is not limited to, the dollar amount that the party is requesting. The Complaint must contain the full names, and addresses of all parties and counsel, as well as a telephone number at which the complainant may be contacted. The Complaint shall be signed by the filing party or his/her counsel, if any.
Rule 19. Filing and, Responding to Motions.
(A) Filing. Motions may be filed by a party with any pleading or at any time after their first pleading has been filed. A copy of all written Motions shall be delivered or mailed to other parties at least five (5) calendar days before the time specified for a hearing on the Motion,. Motions for Extension of Time and More Definite Statement may be filed before the initial pleading.
*48 (B) Responses. A Response to a written Motion must be filed at least one (1) day before the hearing. If no hearing is scheduled, the Response must be filed with the Court and served on the other parties within ten (10) calendar days of the date the Motion was filed. The party filing the Motion must file any Reply within three (3) calendar days.
Rule 21. Amendments to Plead,mgs.
Parties may amend a Complaint or Answer one time without leave of the Court prior to the filing of a responsive pleading, or if no responsive pleading is permitted, at any time within twenty (20) days of the original filing date. Subsequent amendments to Complaints or Answers may only be made upon leave of the Court and a showing of good cause, or with the consent of the opposing party. All amendments to the Complaint or Answer must be filed at least thirty (30) calendar days prior to trial or as otherwise directed by the Court. When an Amended Complaint or Answer is filed, the opposing party shall have ten (10) calendar days, or the time remaining in their original response period, whichever is greater, in which to file an amended responsive pleading.
Rule 54. Default Judgment.
(A) General. A Default Judgment may be entered against a party who fails to answer if the party was personally served in accordance with Rule 5(C)(l)(a)(i) ... or informed through other means of judicially authorized service such as publication or if a party fails to appear at a hearing, conference or trial for which he/she was given proper notice. A Default Judgment shall not award relief different in kind from, or exceed the amount stated in the request for relief. A Default Judgment may be set aside by the Court only upon a timely showing of good cause.
Rule 58. Amendment to or Relief from Judgment or Order.
(A) Relief from Judgment. A Motion to Amend or for relief from judgment, including a request for a new trial shall be made within ten (10) calendar days of the filing of judgment. The Motion must be based on an error or irregularity that prevented a party from receiving a fair trial or a substantial legal error that affected the outcome of the action.
(B) Motion for Reconsideration. Upon motion of the Court or by motion of a party made not later than ten (10) calendar days after entry of judgment, the Court may amend its findings or conclusions or make additional findings or conclusions, amending the judgment accordingly. The motion may be made with a motion for a new trial. If the Court amends the judgment, the time for initiating an appeal commences upon entry of the amended judgment. If the Court denies a motion filed under this Rule, the time for initiating appeal from the judgment commences when the Court denies the motion on the record or when an order denying the motion is entered, whichever occurs first. If within thirty (30) days after the filing of such motion, and the Court does not decide a motion under this Rule or the judge does not sign an order-denying the motion, the motion is considered denied. The time for initiating the appeal from judgment commences in accordance with the Rules of Appellate Procedure.
(C) Motion to Modify. After the time period in which to file a Motion to Amend of a Motion for Reconsideration has elapsed, a party may file a Motion to Modify with the Court. The Motion must be based upon new information that has come to the party’s attention that, if true, could have the effect of altering or modifying the judgment. Upon such motion, the Court *49 may modify the judgment accordingly. If the Court modifies the judgment, the time for initiating an appeal commences upon entry of the modified judgment. If the Court denies a motion filed under this Rule, the time for initiating an appeal from the judgment commences when the Court denies the motion on the record or when an order denying the motion is entered, whichever occurs first. If within thirty (30) calendar days after the filing of such motion, and the Court does not decide the motion or the judge does not sign an order denying the motion, the motion is considered denied. The time for initiating an appeal from judgment commences in accordance with the Rules of Appellate Procedure.
(D) Erratum Order or Re-issuance of Judgment. Clerical errors in a Court record, including the Judgment or Order, may be corrected by the Court at any time.
(E) Grounds for Relief. The Court may grant relief from judgments or orders on motion of a party made within a reasonable time for the following reasons: (1) newly discovered evidence which could not reasonably have been discovered in time to request a new trial; (2) fraud, misrepresentation or serious misconduct of another party to the action; (3) good cause if the requesting party was not personally served in accordance with Rule 5(c)(l)(a)(i) or (ii), did not have proper service and did not appear in the action; or (4) the judgment has been satisfied, released, discharged or is without effect due to a judgment earlier in time.
Rule 61. Appeals.
Any final Judgment or Order of the Trial Court may be appealed to the Supreme Court. The Appeal must comply with the Rules of Appellate Procedure, specifically Rules of Appellate Procedure, Rule 7, Right of Appeal. All subsequent actions of a final Judgment or Trial Court Order must follow the Rules of Appellate Procedure.
FINDINGS OF FACT
1. The parties received proper notice of the March 10, 2009 Motion Hearing.
2. The plaintiff, Muriel Whiteagle-Lee, is an enrolled member of the Ho-Chunk Nation, Tribal ID# 439A 002556, and resides at 2144 N. 59th St, Milwaukee, WI 53208-1038.
3. The defendants Judy Whitehorse and Bridget Schulz, serve as the chair and vice chair of the Ho-Chunk Nation Election Board (hereinafter Election Board) respectively. See Complaint, Attach A-B. The Election Board, is a constitutionally established entity, and maintains an address of 4 East Main Street, Black River Falls, WI 54615. Const., Art. VIII, § 4.
4. The plaintiff pleads that the defendants are acting in “bad faith” according to documents provided to her by the Election Board, specifically the document titled Bylaws of the Ho-Chunk Nation Election Board (hereinafter By-laws). See Complaint, Attach A.
5. A series of bylaws exist, and the parties were unclear as to which bylaw was the most current. Motion to Dismiss Hearing (LPER at 4, Mar. 10, 2009, 01:42:41 CDT). However, the bylaws provided by the plaintiff were provided by an employee of the Election Board. Id., 01:53:59 CDT.
6. The Complaint fails to satisfy the liberal pleading requirements of the Court, i.e., a statement of jurisdiction.
DECISION
The Court derives its powers through a delegation of authority from the General Council Const. Arts. Ill, § 2, IV, §§ 1-2. Specifically, the Court is charged with interpreting and applying the *50 Constitution and laws of the Ho-Chunk Nation. Id., Arts. IV, § 2, V II, § 4. In this regard, the Ho-Chunk Nation Judiciary has endeavored to provide litigants guidance concerning the constitutional limitations of the Court’s subject matter jurisdiction. See Ho-Chunk Nation v. Harry Steindorf et al., CV 99-82 (HCN Tr. Ct„ Feb. 11, 2000), aff'd, SU 00-04 (HCN S.Ct., Sept. 29, 2000). The Court may assert subject matter jurisdiction “over all cases and controversies ... arising under the Constitution, laws, customs and traditions of the Ho-Chunk Nation.” Const., Art. V II, § 5(a); see also HCN Judiciary Act of 1995, § 2. The Supreme Court has determined that a litigant cannot maintain a case or controversy within the Judiciary if the constituent causes of action arise outside the explicit jurisdictional grant. Steindorf, SU 00-04 at 2-5. “A controversy is the thing in dispute’; a dispute of law that grants the HCN courts subject matter jurisdiction. A dispute in law in which the HCN Trial Court can apply.” Id. at 3. If the dispute or cause of action does not arise from “the Constitution, laws, customs [or] traditions of the Ho-Chunk Nation” in the first instance, then the Court lacks subject matter jurisdiction to hear the claim. Const., Art. VII, § 5(a).
The plaintiff purports to allege a violation of law, namely a violation of an unsubstantiated bylaw. The binding nature of a bylaw does not exist, particularly when the Legislature enacted the Election Ordinance, and the Election Ordinance does not make a claim about where or how Election Board members may or may not be employed. The Court notes that it is problematic when an agency does not follow its internal directives or provides the public with faulty internal directives, however these directives do not have the force of law. See also, David Abangan v. HCN Department of Business, 4 Am. Tribal Law 370 (HCN Tr. Ct.2003) (While the Court analyzed the arguments of both parties, the controversial executive order was not deemed a source of law upon which a plaintiff could bring court action, because the Court can only hear cases and controversies arising out of the laws of the Ho-Chunk Nation).
The Court consequently must deny the plaintiffs’ request for relief because the Court lacks subject matter jurisdiction over this case. The Court grants the defendant’s Motion to Dismiss. The parties retain the right to file a timely post judgment motion with this Court in accordance with HCN R. Civ. P. 58, Amend,merit to or Relief from Judgment or Order. Otherwise, “[a]ny final Judgment or Order of the Trial Court may be appealed to the Supreme Court. The Appeal must comply with the Rules of Appellate Procedure [hereinafter HCN R.App. P.\, specifically Rules of Appellate Procedure, Rule 7, Right of Appeal.” HCN R. Civ. P. 61. The appellant “shall within sixty (60) calendar days after the day such judgment or order was rendered, file with the Supreme Court Clerk, a Notice of Appeal from such judgment or order, together with a filing fee as stated in the appendix or schedule of fees” HCN R.App. P. 7(b)(1). “All subsequent actions of a final Judgment or Trial Court Order must follow the [HCN R.App. P.].” HCN R. Civ. P. 61.
IT IS SO ORDERED this 18th day of March 2009, by the Ho-Chunk Nation Trial Court located in Black River Falls, WI within the sovereign lands of the Ho-Chunk Nation.

. The Ho-Chunk Nation Rules of Civil Procedure (hereinafter HCN R. Civ. P.) permit the Court to serve the Complaint upon the DOJ when the plaintiff/petitioner names as a party a unit of government or enterprise. HCN R. Civ. P. 27(B).